# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JAWAUN DONTELL WOODS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO.: 2:18-CV-65-TLS |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Jawaun Dontell Woods, a prisoner proceeding pro se, filed a habeas corpus petition [ECF No. 8] attempting to challenge his guilty plea and 20-year sentence for felony murder and aggravated battery by the Lake Superior Court on October 24, 2013, under cause number 45G02-1211-FA-31. (Pet. 1, ECF No. 8.) Habeas corpus petitions are subject to a strict one-year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, the Petitioner wrote:

> (I.C. 35-38-1-15) The purpose of a motion to correct erroneous sentence is to provide prompt, direct access to uncomplicated legal process for correcting "occasional" <u>erroneous or illegal</u> sentence. *Thompson v. State,* App. 4 Dist. 1994, 634 N.E.2d 775, 1994 WL 199474. (A sentencing error may be raised at <u>any</u> time)!!! *Lewandowski v. State,* 1979, 389 N.E.2d 706, 271 Ind. 4. – A motion to correct erroneous sentence, as opposed to the procedure of a petition for (PCR), is appropriate where the sentence is erroneous on its face, (<u>As in this case</u>), which occurs when the sentence <u>violates</u> express statutory authority. *Hatchett v. State*, 794 N.E. 2d 544 (Ind. App 2003). However, a motion to correct pursuant to I.C. § 35-38-1-15 is appropriate where the sentence is erroneous on its face (<u>As In This Case</u>) and facial error violates express statutory authority. *Mitchell v. State*, 726 N.E.2d 1228, 1243 (Ind. 2000) *Reffett v. State* etc. . .

(Pet. 5, ECF No. 8.) (emphasis and ellipsis in original).

Section 2244(d) provides four possible dates from which the limitation period can begin to run. Nothing in the answer to Question 9 explains which of the four the Petitioner believes applies in his case. Rather, he argues that under Indiana law a Motion to Correct Erroneous Sentence may be filed at any time. That may be true, but this is not a motion filed under Indiana law. This is a habeas corpus petition filed in a federal court, and it is subject to the one-year period of limitation provided for in 28 U.S.C. § 2244(d).

Nothing in the answer to Question 9 or any other part of the petition indicates that State action impeded the Petitioner from filing a habeas corpus petition sooner, or that his claims are based on a newly recognized constitutional right or newly discovered facts. Therefore, 28 U.S.C. §§ 2244(d)(1)(B), (C), and (D) are inapplicable. Thus, the limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), when the conviction became final due to the expiration of time to pursue direct review.

In this case, the Petitioner did not directly appeal his conviction. Thus, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for filing an appeal

2

expired. This occurred on November 25, 2013. *See* Ind. App. R. 9(A) (an appeal must be filed within 30 days of trial court's judgment); Ind. R. Trial P. 6(A) ("[t]he period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed."); *see also Gonzalez v. Thayer*, 565 U.S. 134, 150 (2012) (when a state prisoner does not complete all levels of direct review, his conviction becomes final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for seeking such review expires). Because the Petitioner did not have a properly pending application for State post-conviction relief or other collateral review pending during the subsequent year, the deadline for filing a habeas corpus petition expired on November 25, 2014. He first filed for habeas relief in this case on January 29, 2018. (*See* Pet. 3, ECF No. 1.) Accordingly, this habeas corpus case was filed more than three years too late. Though he filed a Motion to Correct Erroneous Sentence in the Lake Superior Court on February 20, 2018, which was dismissed on February 22, 2018, that motion did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). As such, this habeas corpus petition is untimely and must be denied.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling, and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Petitioner to proceed further.

Thus, a certificate of appealability must be denied. For the same reasons, he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the Court:

(1) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely;

(2) DENIES Jawaun Dontell Woods a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Jawaun Dontell Woods leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the Clerk of Court to close this case.

SO ORDERED on July 30, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION